David M. Goodrich, State Bar No. 208675
dgoodrich@wgllp.com
**WEILAND GOLDEN GOODRICH LLP**
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Telephone  714-966-1000
Facsimile   714-966-1002

Attorneys for Chapter 7 Trustee
Wesley H. Avery

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>ALFREDO F. TORRES,<br><br>　　　　Debtor. | Case No. 2:19-bk-16040-BB<br><br>Chapter 7<br><br>Adv. No. |
| WESLEY H. AVERY, solely in his capacity as Chapter 7 Trustee of the Estate of Alfredo F. Torres,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>TERESA TORRES, trustee of the TORRES VALLEJO FAMILY TRUST, RIGOBERTO F. TORRES, an individual, and NEVADA STREET TRUST DATED OCTOBER 12, 2006, an unknown entity,<br><br>　　　　Defendants. | **COMPLAINT FOR:**<br><br>**(1) DECLARATORY RELIEF;**<br>**(2) QUIET TITLE;**<br>**(3) IMPOSITION OF RESULTING TRUST**<br>**(4) AUTHORIZATION TO SELL REAL PROPERTY IN WHICH CO-OWNER HOLDS INTEREST PURSUANT TO 11 U.S.C. § 363(h); AND**<br>**(5) TURNOVER OF PROPERTY OF THE ESTATE** |

1232180.1                                                      1                                                      COMPLAINT

**TO DEFENDANTS, AND THEIR COUNSEL, IF ANY:**

Wesley H. Avery, the duly appointed, qualified, and acting chapter 7 trustee ("Trustee" or "Plaintiff") for the bankruptcy estate ("Estate") of Alfredo F. Torres ("Debtor"), hereby files this Complaint for Declaratory Relief ("Complaint") against the Teresa Torres, trustee of the Torres Vallejo Family Trust, Rigoberto F. Torres and Nevada Street Trust dated October 12, 2006, and respectfully alleges as follows:

## STATEMENT OF JURISDICTION AND VENUE

1. The Bankruptcy Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334 and 11 U.S.C. §§ 105. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (N) and (O). Regardless of whether this is a core proceeding, consent is hereby given to the entry of final orders and judgment by the Court. Defendant is hereby notified that Fed. R. Bankr. P. 7008 requires Defendant to admit or deny whether this adversary proceeding is core or non-core and, if non-core, to plead whether consent is given to the entry of final orders and judgment by the Court.

2. Venue properly lies in this judicial district in that the civil proceeding arises under title 11 of the United States Code (the "Bankruptcy Code") as provided in 28 U.S.C. § 1409.

3. This adversary proceeding arises out of and relates to the case entitled <u>In re Alfredo F. Torres</u>, a chapter 7 case bearing case number 2:19-bk-16040 BB, currently pending in the United States Bankruptcy Court, Central District of California, Los Angeles Division, the Honorable Sheri Bluebond presiding. Accordingly, venue in this Court is proper under 28 U.S.C. § 1409(a).

## PARTIES

4. Plaintiff is the duly appointed and acting chapter 7 trustee of the Debtor's bankruptcy estate and is the real party-in-interest in this proceeding.

5. Plaintiff is informed and believes and based thereon alleges that defendant Teresa Torres, is the trustee of the Torres Vallejo Family Trust ("TVFT"), and is sued in her capacity as trustee and not individually, is a resident of Los Angeles County.

6. Plaintiff is informed and believes and based thereon alleges that defendant Rigoberto F. Torres ("Rigoberto") is an individual who resides in Los Angeles County.

7. Plaintiff is informed and believes and based thereon alleges that defendant Nevada Street Trust dated October 12, 2006 ("NST") is an unknown entity and a purported trust.

## GENERAL ALLEGATIONS

8. Plaintiff incorporates each and every allegation contained in paragraphs 1 through 7 as though fully set forth herein.

9. Plaintiff is informed and believes and based thereon alleges that on May 23, 2019 ("Petition Date"), the Debtor filed a voluntary petition under chapter 7 of the Bankruptcy Code.

10. Plaintiff is informed and believes and based thereon alleges that the Plaintiff was appointed as the chapter 7 trustee on May 23, 2019.

11. Plaintiff is informed and believes and based thereon alleges that prior to the Petition Date, Vicente Torres ("Vicente"), Rigoberto and the Debtor acquired title to commercial real property commonly known as 115 Nevada St., El Segundo, CA 90245 and assigned APN 4139-004-046, 4139-004-047 and 4139-004-048 ("Property").

12. Plaintiff is informed and believes and based thereon alleges that Vicente, Rigoberto and the Debtor each contributed $200,000 in cash or other consideration as part of the purchase price for the purchase of the Property.

13. Plaintiff is informed and believes and based thereon alleges that Vicente, Rigoberto and the Debtor claim to have assigned their rights to NST.

14. Plaintiff is informed and believes and based thereon alleges that Vicente, Rigoberto and/or the Debtor claim to be the trustees and beneficiaries of NST.

15. Plaintiff is informed and believes and based thereon alleges that NST was never formed as a valid trust and no trust documents exist evidencing a valid trust.

16. Plaintiff is informed and believes and based thereon alleges that Vicente was deceased on the Petition Date and the TVFT is the holder of all of Vicente's rights, including any right to the Property and NST.

17. Plaintiff is informed and believes and based thereon alleges that TVFT, Rigoberto and the Estate, as real party-in-interest to all claims and assets of the Debtor existing on the Petition Date, are the rightful owners of the Property and NST has no interest in the Property.

18. Plaintiff is informed and believes and based thereon alleges that the Debtor's interest in the Property is property of the Estate.

19. Plaintiff is informed and believes and based thereon alleges that one or more of the defendants allege NST is a valid and existing trust and the rightful owners of the Property.

## FIRST CLAIM FOR RELIEF

### (For Declaratory Relief)

20. Plaintiff repeats and realleges the allegations in paragraphs 1 through 19 above, as though fully set forth herein.

21. An actual controversy exists between Plaintiff and one or more of the defendants regarding the validity of NST.

22. Plaintiff contends the NST was never formed and, if it was, it is not a valid or existing trust.

23. Plaintiff further contends NST has no ownership interest in the Property because NST is not a valid or existing trust.

24. Plaintiff further contends TVFT, Rigoberto and the Debtor are the rightful owners of the Property.

25. Plaintiff is informed and believes and based thereon alleges that one or more defendants dispute the Trustee's contentions in Paragraphs 20 and 24 of this Complaint.

1232180.1                                                     4                                                  COMPLAINT

26. Plaintiff seeks a determination that (1) NST is not a valid or existing trust and the Property is owned by TVFT, Rigoberto and the Debtor, and (2) NST has no ownership interest in the Property because NST is not a valid or existing trust.

27. A judicial determination of the rights of the Plaintiff, TVFT, Rigoberto and the Debtor is necessary and appropriate at this time under the circumstances.

## SECOND CLAIM FOR RELIEF

### (To Quiet Title)

28. Plaintiff repeats and realleges the allegations in paragraphs 1 through 27 above, as though fully set forth herein.

29. Plaintiff is informed and believes and based thereon alleges that at all times herein mentioned, Vicente, and TVFT as his successor, Rigoberto and the Debtor are the rightful owners of the Property.

30. Plaintiff is informed and believes and based thereon alleges that NST claims an interest in the Property adverse to TVFT, Rigoberto and the Debtor.  The claim of NST, however, is without any right whatsoever, and NST has no legal or equitable right, claim or interest in the Property.

31. Plaintiff seeks a declaration that title to the Property is vested in the names of TVFT, Rigoberto, and the Debtor, and that NST be declared to have no estate, right, title or interest in the subject property and that NST be forever enjoined from asserting any estate, right, title or interest in the Property adverse to TVFT, Rigoberto, and the Debtor.

## THIRD CLAIM FOR RELIEF

### (For Imposition of Resulting Trust)

32. The Plaintiff incorporates each and every allegation contained in paragraphs 1 through 31, inclusive, as though fully set forth herein.

33. The Plaintiff is informed, believes, and alleges that at the time the Property was purchased, Vicente, Rigoberto, and the Debtor agreed that NST would hold bare legal title to the Property for the benefit of Vicente, Rigoberto, and the Debtor would retain their beneficial interest in the Property.

34. The Plaintiff is informed, believes, and alleges that NST holds its interest in the Property in trust for the benefit of TVFT, Rigoberto, and the Debtor.

35. The Plaintiff is informed, believes, and alleges that NST delivered no consideration to Vicente, Rigoberto and the Debtor for the interest held by NST in the Property.

36. The Plaintiff is informed, believes, and alleges that TVFT, Rigoberto and the Debtor continue to exercise control over the Property, operate a business on the Property, and hold themselves out as the owners of the Property.

37. The Plaintiff is informed, believes, and alleges that TVFT, Rigoberto and/or the Debtor directly or through their businesses continuously paid the mortgage, taxes and maintenance expenses for the Property since it was purchased.

38. In bringing this proceeding, the Plaintiff demands NST reconvey the interest in the Property it received from the Debtor to the Debtor.

39. The Plaintiff is informed, believes, and alleges that at no point prior to the initiation of this proceeding did the Debtor demand NST reconvey the interest in the Property it received from the Debtor back to the Debtor.

40. By reason of the foregoing, the Plaintiff is entitled to the imposition of a resulting trust on the Property and an order declaring title in the Property to be in the name NST as 2/3rd owner and the Debtor as 1/3rd owner or, alternatively, TVFT, Rigoberto and the Debtor, each as 1/3rd owner.

### FOURTH CLAIM FOR RELIEF

**(For Authorization to Sell the Estate's Interest and the Interest of Non-Debtors in the Property Pursuant to 11 U.S.C. §363(h))**

41. Plaintiff realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 40 as though set forth in full herein.

42. Plaintiff is informed and believes and based thereon alleges that partition in kind of the Property among the Estate, NST, TVFT and/or Rigoberto is impracticable.

43. Plaintiff is informed and believes and based thereon alleges that the sale of the Estate's undivided interest in the Property would realize significantly less for the Estate than the sale of the Property free of the interests of NST, TVFT and/or Rigoberto.

44. Plaintiff is informed and believes and based thereon alleges that the benefit to the Estate of a sale of the Property free of the interests of NST, TVFT and/or Rigoberto outweighs the detriment, if any, to NST, TVFT and/or Rigoberto.

45. Plaintiff is informed and believes and based thereon alleges that the Property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power.

46. For the aforementioned reasons, Plaintiff may sell both the Estate's interest, under 11 U.S.C. § 363(b), and the interests of NST, TVFT and/or Rigoberto in the Property pursuant to 11 U.S.C. § 363(h).

## FIFTH CLAIM FOR RELIEF

### (For Turnover of Estate Property Pursuant to 11 U.S.C. § 542)

47. Plaintiff realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 46 as though set forth in full herein.

47. Plaintiff is informed and believes and based thereon alleges that the Property is, or will be, property of the Estate that the Plaintiff has standing to administer for the benefit of the Estate. The Plaintiff is not presently in possession of the Property.

48. Plaintiff is informed and believes and based thereon alleges that the Property is in the possession of NST, TVFT, Rigoberto or the Debtor.

49. Pursuant to 11 U.S.C. § 542(a), the Trustee seeks an order compelling the turnover of the Property from NST, TVFT, Rigoberto or the Debtor and/or any other party in possession of the Property so that he can administer the Property for the benefit of the Debtor's creditors.

**WHEREFORE**, Plaintiff prays that this Court enter a judgment against NST, TVFT, Rigoberto and the Debtor, as applicable, as follows:

### On the First Cause of Action

For a judgment declaring and stating: (1) NST is not a valid or existing trust and the Property is owned by TVFT, Rigoberto and the Debtor, and (2) NST has no ownership interest in the Property because NST is not a valid or existing trust.

### On the Second Cause of Action

For a judgment (1) compelling NST to transfer legal title of the Property to TVFT, Rigoberto and the Debtor, (2) declaring and determining TVFT, Rigoberto, and the Debtor are the rightful owners of the Property and that NST has no estate, right, title or interest in the Property, and (3) forever enjoining NST from claiming any estate, right, title or interest in the Property.

### On the Third Cause of Action

For judgment imposing a resulting trust on the Property and an order declaring title in the Property to be in the name of NST as 2/3rd owner and the Debtor as 1/3rd owner or, alternatively, in the name of TVFT, Rigoberto and the Debtor, each as 1/3rd owner.

### On the Fourth Cause of Action

For judgment that Plaintiff may sell both the Estate's interest, pursuant to 11 U.S.C. § 363(b), and the interest of NST, pursuant to 11 U.S.C. § 363(h), in the Property.

### On the Fifth Cause of Action

For judgment that the Property be turned over to the Plaintiff pursuant to 11 U.S.C. § 542 at a time and place designated by the Plaintiff so that the Plaintiff can administer the Property for the benefit of the Estate.

### On All Claims for Relief

For (1) judgment awarding pre-judgment and post-judgment interest at the maximum legal rate, and (2) such other and further relief as this Court deems just and proper.

Dated: January 8, 2020                                WEILAND GOLDEN GOODRICH LLP

By:  */s/ David M. Goodrich*
     David M. Goodrich
     Attorneys for Chapter 7 Trustee
     and Plaintiff, Wesley H. Avery

**B1040 (FORM 1040) (12/15)**

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>WESLEY H. AVERY, CHAPTER 7 TRUSTEE | **DEFENDANTS**<br>TERESA TORRES, trustee of the TORRES VALLEJO FAMILY TRUST, RIGOBERTO F. TORRES, an individual, and NEVADA STREET TRUST DATED OCTOBER 12, 2006, an unknown entity |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>WEILAND GOLDEN GOODRICH LLP<br>650 Town Center Drive, Suite 600, Costa Mesa, CA 92626<br>(714) 966-1000 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☐ Other<br>☒ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☒ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
(1) DECLARATORY RELIEF; (2) QUIET TITLE; (3) IMPOSITION OF RESULTING TRUST; (4) AUTHORIZATION TO SELL REAL PROPERTY IN WHICH CO-OWNER HOLDS INTEREST PURSUANT TO 11 U.S.C. SECTION 363(h); AND (5) TURNOVER OF PROPERTY OF THE ESTATE

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
[3] 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
[2] 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
[1] 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought

**B1040 (FORM 1040) (12/15)**

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES |||||
|---|---|---|---|---|
| NAME OF DEBTOR<br>ALFREDO F. TORRES || BANKRUPTCY CASE NO.<br>2:19-bk-16040-BB |||
| DISTRICT IN WHICH CASE IS PENDING<br>CENTRAL || DIVISION OFFICE<br>LOS ANGELES || NAME OF JUDGE<br>SHERI BLUEBOND |
| RELATED ADVERSARY PROCEEDING (IF ANY) |||||
| PLAINTIFF | DEFENDANT ||| ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING || DIVISION OFFICE || NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>/s/ David M. Goodrich |||||
| DATE<br>January 7, 2020 |||  PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>DAVID M. GOODRICH ||

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.